UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD WOODALL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:19-CV-2117-B |
| § | |
| WILLIAMS, RUSH & ASSOCIATES, § | |
| LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Edward Woodall's Motion for Partial Summary Judgment (Doc. 26). For the reasons that follow, the Court **DENIES** the motion.

## I.
## BACKGROUND[1]

This is a debt-collection case. Defendant Williams, Rush & Associates, LLC (WRA) is a debt collector that uses mail and telephone to collect commercial and consumer debts, including defaulted debts. Doc. 27, Pl.'s Br., 2. WRA reports credit information to three major credit bureaus, including Trans Union. *Id.*

Sometime in 2018, WRA reported a collection account on Plaintiff's credit report with Trans Union, with the alleged debt being a personal loan owed to Stevens Transport. *Id.* at 2–3. Plaintiff alleges that the loan "was made for food, education, and housing purposes." *Id.* at 3. WRA reported

---

[1] Facts are taken from Plaintiff's brief in support of its motion (Doc. 27). All disputed facts are noted as such.

-1-

Plaintiff's alleged debts on several dates, including August 19, 2018. *Id.* On that date, WRA used the "CREDIT STS:93 BAL: 8528.53 TR" code to update Plaintiff's account. *Id.* This code does not indicate that a debt is disputed. *Id.*

However, on September 17, 2018, Trans Union received a letter from Plaintiff that he disputed his account with WRA. *Id.* On September 19, Trans Union notified WRA of the dispute using an Automated Consumer Dispute Verification (ACDV), which stated "consumer states inaccurate information." *Id.* On September 25, 2018, WRA responded to Trans Union by stating that the code on the account was "[a]ccurate as of Date Reported." *Id.* That same day, WRA sent Plaintiff a letter acknowledging the dispute, in which it explained that "it would mark the account as disputed in all subsequent voluntary reporting." *Id.* However, on November 5 and 28, 2018, WRA updated Plaintiff's account with the same code as on August 19, 2018, which did not indicate that Plaintiff's debt was disputed. *Id.*

When Plaintiff viewed his credit report with Trans Union on December 20, 2018, the report did not include a dispute notation. *Id.* at 4. According to Plaintiff, WRA updated Plaintiff's account at least twenty more times, including on December 26, 2018, using the same code as on August 19, 2018, which did not mention the dispute on Plaintiff's account. *Id.*

Plaintiff then brought this lawsuit, and filed seven causes of action. *See* Doc. 1, Compl., 5–15. Plaintiff filed this Motion for Partial Summary Judgment as to Counts I and II, which allege violations of: (1) 15 U.S.C. § 1692e and (2) 15 U.S.C. § 1692d and § 1692f, Doc. 26, Pl.'s Mot., 2, all of which are statutory causes of action under the Fair Debt Collection Practices Act (FDCPA). All briefing has been filed, and the motion is ripe for review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary-judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & Fr. Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted).

Once the summary-judgment movant has met this burden, the burden shifts to the non-movant to "go beyond the pleadings and designate specific facts" showing that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (citations omitted). Instead, the non-moving party must "come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted). "[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations incorporated and quotations marks omitted). But

the court need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation and quotation marks omitted). If the non-movant is unable to make the required showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

Plaintiff moves for summary judgment on Counts I and II of his complaint. *See* Doc. 26, Pl.'s Mot., 2. In response to Plaintiff's Motion for Partial Summary Judgment, WRA contends that: (1) most of Plaintiff's summary-judgment evidence is inadmissible, Doc. 30, Def.'s Resp., 2–5; (2) Plaintiff has not established consumer standing under the FDCPA, *id.* at 5; (3) WRA's bona-fide error defense creates a fact issue on FDCPA liability, *id.* at 7; and (4) Plaintiff has not established a violation of § 1692d. *Id.* at 11.

The Court finds that although Plaintiff's evidence is admissible and establishes consumer standing, WRA's bona-fide error defense precludes summary judgment. In addition, even if the defense did not preclude summary judgment, Plaintiff has not established, as a matter of law, violations of §§ 1692d and 1692f.

A.   *Evidentiary Objections*

The Court finds that all of Plaintiff's summary-judgment evidence is admissible.

1.   <u>Exhibit A</u>

WRA believes that Exhibit A, its answer to Plaintiff's complaint, "is a pleading which generally cannot be used as summary judgment proof." Doc. 30, Def.'s Resp., 2*Id.* (citing *Wright v. Farouk Sys.*, 701 F.3d 907, 911 n.8 (11th Cir. 2012); *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047

-4-

(5th Cir. 1996)).

WRA's objection is overruled. In the two cases upon which WRA relies to strike Exhibit A, the courts held that a plaintiff's, or another plaintiff's—*i.e.*, allegations—was inadmissible summary-judgment evidence. *See Wright*, 701 F.3d at 911 n.8; *Wallace*, 80 F.3d at 1047. However, Exhibit A is WRA's answer to the complaint, see Doc. 28, Pl.'s App., 3–11 (Ex. A), which contain WRA's "own admissions in their filed pleadings . . . ." *Estrada v. Wallace*, 2014 WL 12598863, at *3 (E.D. Tex. Mar. 31, 2014), *rev'd in part on other grounds*, *Starnes v. Wallace*, 849 F.3d 627 (5th Cir. 2017). Thus, WRA's objection to Exhibit A is overruled.

2. Exhibits B and F

WRA does not make any specific arguments as to Exhibits B and F's inadmissibility; instead, it lumps it together with all other exhibits when making general hearsay objections. Such objections are too vague, and thus will not be considered by this Court. *See Palo v. Dallas Cty.*, 2007 WL 2140590, at *8 (N.D. Tex. July 26, 2007) (citing *Wooten v. Fed. Express Corp.*, 2007 WL 63609, at *25 (N.D. Tex. Jan. 9, 2007)) ("[The defendant] does not specifically identify any part [of the evidence] as containing hearsay within hearsay. This court has rejected objections to summary judgment evidence that are too general."); *see Wooten*, 2007 WL 63609, at *25 (describing the defendant's objections as "very general" and declining to address hearsay arguments "because [the defendant] d[id] not object more specifically).

Therefore, Defendant's objections to Exhibits B and F are overruled.

3. Exhibits C, H, J, and L

Next, WRA argues that Exhibits C, H, J, and L are inadmissible hearsay evidence. Doc. 30,

Def.'s Resp., 3. According to WRA, these items are, respectively, a Trans Union Report, "Trans Union's Dispute Line Item, Automated Credit Dispute Verification Form, and Plaintiff's Updated Consumer Report from Trans Union[.]" *Id.* The Court overrules WRA's objections to these exhibits.

Federal Rule of Evidence 803(6) allows records to be considered as evidence if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian . . .; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Here, Plaintiff's Business Record Affidavit explains that the records were made, or transmitted by, a person with knowledge at or around the time "of the occurrence of the matters"; that such records were kept in the regular course of business; and that it was Trans Union's regular practice to keep such records. Doc 28, Pl.'s App., 24 (Ex. I). Additionally, this affidavit was signed by Don Wagner, the custodian of records for Trans Union. *Id.* at 25

Nevertheless, WRA argues that "the Affidavit contains inherent flaws defeating its admissibility as well." Doc. 30, Def.'s Resp., 3. To WRA, these include: (1) that the affidavit says that there are forty-four pages of records attached, but in actuality contains no such records, and (2) thus "the statements contained within the Affidavit are based on hearsay not even provided." *Id.* at 3–4.

Frankly, the Court does not understand what WRA means when it states that the affidavit itself is based on hearsay. The affidavit was written by Trans Union's custodian of records, *see* Doc. 28, Pl.'s App., 24–25 (Ex. I), which is proper under Rule 803(6)(D). Thus, the Court will focus on

WRA's first argument: that the Affidavit does not contain the forty-four pages of records it says it contains. *See* Doc. 40, Def.'s Resp., 3.

Although WRA's contention is true, the Court concludes that the omission of the forty-four pages of records does not make the exhibits inadmissible. After there is an objection to summary-judgment evidence, the burden falls "on the proponent [of the evidence] to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment; *see Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted) (explaining that the evidence at the summary-judgment stage "may be presented in a form that would not, in itself, be admissible at trial").

Here, Plaintiff explains that "if need be, at trial, Don Wagner . . . would be able to testify" as to the business-records exception to the hearsay rule. Doc. 31, Pl.'s Reply, 5. Thus, the Court concludes that the evidence at issue can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *see Lee*, 859 F.3d at 355 (vacating and remanding the district court's entry of summary judgment because "[t]he district court dismissed [a witness's] report solely because it was not sworn without considering [the plaintiff's] argument that [the witness] would testify to those opinions at trial and without determining whether such opinions, as testified to at trial, would be admissible").

Thus, Defendant's objection to Exhibits C, H, J, and L is overruled.

4.  Exhibits D and E

WRA objects to the admissibility of Exhibits D and E on hearsay grounds. Doc. 30, Def.'s Resp., 4. Additionally, WRA argues that Exhibit D is not a complete document and therefore should be deemed inadmissible under Federal Rule of Evidence 106. *Id.*

Exhibit D is a promissory note, see Doc. 28, Pl.'s App., 16 (Ex. D), while Exhibit E is a contract. *See id.* at 17 (Ex. E). "Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance, and are nonhearsay." *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) (citation omitted). Both exhibits contain Plaintiff's name, see Doc. 28, Pl.'s App., 16–17 (Exs. D–E), and therefore are not hearsay. Thus, WRA's hearsay objections are overruled.

WRA's objection to Exhibit D based on Rule 106 is also overruled. Rule 106 explains that when a party enters into evidence one part of a writing, "an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Fed. R. Evid. 106.

Exhibit D is incomplete. Exhibit D, at the bottom, states, "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION." Doc. 28, Pl.'s App., 16 (Ex. D). However, the reverse side is not attached in the exhibit. *See id.*

But WRA acknowledges that it produced Exhibit D during discovery. *See* Doc. 30, Def.'s Resp., 4. Because, then, WRA could have produced the remainder of this document, its attempt to exclude Exhibit D is overruled. *See Dickson v. Am. Red Cross Nat'l Headquarters*, 1997 WL 118415, at *5 (N.D. Tex. Mar. 10, 1997) ("Insofar as Plaintiff found the evidence offered by Defendants objectionable because it was incomplete, she had every opportunity to supplement the record with additional excerpts of her own choosing. This she failed to do."). Therefore, the Court will consider Exhibit D.

    5.    <u>Exhibit G</u>

Finally, WRA objects to Exhibit G, Plaintiff's Dispute Letter to Trans Union, on hearsay and

authentication grounds. Doc. 30, Def.'s Resp., 4–5.

WRA's hearsay objection is overruled. Plaintiff states that the purpose of the Exhibit is to show notice on the part of WRA that the debt was disputed. Doc. 31, Pl.'s Reply, 5. When evidence is introduced to show notice, it is not submitted for the truth of the matter asserted and is thus nonhearsay. *See Companion Prop. & Cas. Ins. Co. v. Opheim*, 92 F. Supp. 3d 539, 545 (N.D. Tex. 2015) (citation omitted).

WRA's authentication objection is also overruled. Under Rule 901, "the proponent of the evidence] must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). A proponent may do this with "[t]estimony that an item is what it is claimed to be." Fed. R. Evid. 901(b)(1). Plaintiff could testify at trial about the authenticity of the letter, and this could be "sufficient to support a finding" of authenticity. Fed. R. Evid. 901(a). Therefore, the Court will consider Exhibit G.

B.   FDCPA

To succeed on an FDCPA claim, a plaintiff must show that: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Alonzo*, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009) (citations omitted).

1.   Consumer debt

"[T]he FDCPA applies only to debts as they are defined in the statute." *Garcia v. Jenkins/Babb LLP*, 2013 WL 6388443, at *5 (N.D. Tex. Dec. 5, 2013) (citation omitted). And a debt under the FDCPA is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the

transaction are primarily for personal, family, or household purposes." *Id.* (quoting 15 U.S.C. § 1692a(5)). Moreover, "[i]t is a plaintiff's burden to show that the obligation at issue was incurred primarily for personal, family, or household purposes." *Id.* (citations and internal quotation marks omitted).

Plaintiff contends that his loan was "for room, board, education, and travel purposes," and that "[l]oans made for the purpose of student education are considered consumer debts under the FDCPA." Doc. 27, Pl.'s Br., 5 (citations omitted).

WRA, however, contends that Plaintiff has not established that his loan is a consumer debt. Doc. 30, Def.'s Resp., 5–7. WRA points out that the Tuition Installment Contract between Stevens Transport and Plaintiff states that "[t]he course and all materials used in it are for a business or commercial purpose . . . qualifying the Student to take the commercial driver's license test for the state in which the course was taught." *Id.* at 6 (quoting Doc. 28, Pl.'s App., 17 (Ex. E)). Moreover, WRA believes that the cases to which Plaintiff cites for the proposition that student loans are consumer debts are distinguishable, in that all of them "involv[e] some form of government backed student loan or rent for living—not a loan for a commercial truck driving school." *Id.* at 6–7 (citations omitted).

The Court finds that there is no genuine dispute of material fact as to whether the loan at issue was for "a personal, family, or household purpose[]." 15 U.S.C. § 1692a(5). Although the Tuition Installment Contract describes the purpose of the course, it does not describe the purpose of the loan. *See* Doc. 28, Pl.'s App., 17 (Ex. E). Instead, the promissory note explains the purpose of the loan, and how that purpose was "for living, physical and drug screening expenses[.]" *See id.* at 16 (Ex. D). Thus, WRA's attempt at distinguishing Plaintiff's student loan fails: the evidence demonstrates how the loan itself was for living purposes—which WRA acknowledges is a consumer

debt under the FDCPA, see Doc. 30, Def.'s Resp., 6—and is a primary purpose of many student loans. *See Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, at *3 (E.D. La. Mar. 28, 2003) (alterations in original) (citation omitted) ("Student loans . . . fall under the FDCPA's definition of 'debt.'")

Accordingly, the Court finds that Plaintiff's loan is a consumer debt under the FDCPA.

2. <u>Debt collector</u>

Next, Plaintiff must show that WRA is a debt collector under the FDCPA. *Stewart*, 2009 WL 174938, at *2 (citations omitted). The Court concludes that he has.

The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Plaintiff points out that WRA, in its answer to Plaintiff's complaint, admits that it is a debt collector under the FDCPA. *See* Doc. 27, Pl.'s Br., 7 (citing Doc. 28, Pl.'s App., 4 (Ex. B), ¶¶ 13–14). Additionally, WRA admits to being a debt collector on its website. *See* Doc. 28, Pl.'s App., 12 (Ex. B).

In its response, WRA neither disputes the substance of this evidence—besides its admissibility—nor does it argue that it is not a debt collector. *See generally* Doc. 30, Def.'s Resp. Thus, WRA has not raised a genuine dispute of material fact on this element. *See Little*, 37 F.3d at 1076.

Thus, the Court concludes that WRA is a debt collector under the FDCPA.

### 3. Acts prohibited by the FDCPA

Counts I and II of Plaintiff's complaint allege that WRA violated 15 U.S.C. §§ 1692d, 1692e, and 1692f. Doc. 1, Compl., 5–9.

As to all of Plaintiff's claims in Counts I and II, Defendant asserts a bona-fide error defense. *See* Doc. 30, Def.'s Resp., 8. The FDCPA states that:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). Thus, to assert the defense, WRA must establish that: (1) its violation of the FDCPA was unintentional; (2) it resulted from a bona-fide error; and (3) that it had reasonably adopted procedures in place to avoid such an error. *See id.*; *Allen v. Scott*, 2011 WL 13079866, at *5 (N.D. Tex. May 18, 2011) (citation omitted).

The Court finds that WRA has presented sufficient evidence to raise a genuine dispute of material fact on its bona-fide error defense. This precludes summary judgment on Plaintiff's §§ 1692d, 1692e, and 1692f claims.

WRA submitted a declaration from Brandi Huffman, its Administrative Assistant. *See* Doc. 30-1, Def.'s App., 3–5 (Ex. A). Ms. Huffman testified that on September 19, 2018, "WRA received notice of Plaintiff's dispute," and determined that "the information reported by WRA to TransUnion should have included a dispute code." *Id.* at 4. She also testified that she "should have triggered the dispute code but inadvertently failed to do so." *Id.* at 4–5.

WRA has thus raised a genuine dispute of material fact on the first prong of the bona-fide error defense, as "the intent prong of the bona fide error defense is a subjective test[.]" *Smith v. Moss*

*Law Firm, P.C.*, 2020 WL 584617, at *10 (N.D. Tex. Feb. 6, 2020) (citation omitted).

Next, Ms. Huffman also testified that due to her inadvertence, the debt was not reported as disputed to Trans Union. Doc. 30-1, Def.'s App., 5 (Ex. A). Due to this, Ms. Huffman explained, "the same information was regularly reported thereafter with the same information lacking the dispute code," and that she "did not become aware of the error until this suit was filed." *Id.* Whether the error was bona fide is viewed objectively. *Smith*, 2020 WL 584617, at *10 (citation omitted). If a jury credits Ms. Huffman's testimony, it is not unreasonable for it to also decide that WRA's multiple errors—both on September 19 and thereafter—were bona fide.

Lastly, Ms. Huffman also describes the procedures WRA has in place to ensure that the errors that took place in this case do not occur. These include: (1) "find[ing] the relevant account(s) notes, documents, invoices, contracts, and other supporting information, and also plac[ing] the account(s) into an internal dispute status"; (2) "notating the dispute on the account(s)"; (3) concuct[ing] an investigation; and (4) "reach[ing] out to the creditor of the account for any additional supporting documentation . . . ." Doc. 30-1, Def.'s App., 3–4 (Ex. A).

This testimony, if credited by a jury, could establish the third prong of the bona-fide error defense. Ms. Huffman explains that such procedures "ensure[] that all communication with any credit bureau regarding the relevant account(s) will include a notation that each account is disputed." *Id.* at 4. Whether the procedures are adequate is also viewed objectively. *Smith*, 2020 WL 584617, at *10 (citation omitted). Ms. Huffman's testimony is evidence of objective reasonableness.

Throughout its reply, Plaintiff relies on *Washington v. Convergent Outsourcing, Inc.*, 2017 WL 1093152 (N.D. Ill. Mar. 23, 2017), to argue that Ms. Huffman's declaration, on its own, should not preclude the Court from granting Plaintiff summary judgment on its § 1692 claims. *See* Doc. 31, Pl.'s

Reply, 8–12. Specifically, Plaintiff seeks to contrast the detailed evidence presented in *Convergent* in support of the bona-fide error defense with the single declaration WRA provides here. *See, e.g.*, *id.* at 12 ("Convergent did not simply promise that it had policies and procedures . . . . Convergent had to state with specificity its policies and procedures . . . .").

However, in *Convergent*, the defendant was itself seeking summary judgment on its bona-fide error defense. *See Convergent*, 2017 WL 1093152, at *3. There, the Court concluded that "Convergent . . . established all three elements of the bona fide error defense . . . ." *Id.* at 5. Here, however, the Court is not ruling in favor of WRA on the bona-fide error defense; it is merely concluding that there are factual issues in dispute with respect to the bona-fide error defense that preclude summary judgment in favor of Plaintiff.

Thus, even if Plaintiff were to establish violations of §§ 1692d, 1692 e, and 1692f, WRA's bona-fide error defense precludes summary judgment in favor of Plaintiff on those claims.

    i.    <u>§ 1692d</u>

Although the bona-fide error defense precludes summary judgment in favor of Plaintiff, the Court will still evaluate the merits of those claims to see if there are fact issues for trial.

Under 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

Plaintiff seeks summary judgment on its § 1692d claim. Doc. 27, Pl.'s Br., 9. Plaintiff points to the fact that WRA reported incorrect information with respect to Plaintiff's credit report more than twenty times in one year, "even after telling Plaintiff it would mark the account as disputed." *Id.* (citation omitted). Plaintiff believes that "[t]he natural consequences of the false reporting [were]

to harass and harm Plaintiff," and thus the reporting constitutes a violation of § 1692d. *Id.* at 9–10.

In response, WRA contends that to sustain this claim, "[P]laintiff must show that the defendant acted *with the intent* to annoy, abuse, or harass." Doc. 30, Def.'s Resp., 12 (emphasis in original) (citing *Gorman v. Wolpoff & Abramson, LLP*, 435 F. Supp. 2d 1004, 1012 (N.D. Cal. 2006), *rev'd on other grounds*, 584 F.3d 1147 (9th Cir. 2009)).

Plaintiff, however, attempts to distinguish *Gorman* by pointing out that *Gorman* dealt with § 1692d(5), which prohibits repeated phone calls "with intent to annoy, abuse, or harass" any person at the called number. Doc. 31, Pl.'s Reply, 16 (citing § 1692d(5)). Here, however, Plaintiff notes that he is only seeking to hold WRA liable for "the natural outcome of [WRA's] actions," which Plaintiff argues "was to harass and annoy Plaintiff with constant false alterations to his credit report which ultimately continued to harm his credit." *Id.*

Plaintiff's argument is correct—§1692d(5) is unique, because "[u]nlike many sections of the FDCPA that are strict liability provisions, § 1692d(5) contains an 'intent' requirement." *Tyler v. Mirand Response Sys., Inc.*, 2019 WL 2121301, at *3 (S.D. Tex. May 15, 2019) (citations omitted). Thus, here, Plaintiff must instead show that the repeated errors on his credit card statement had the "natural consequence of . . . harass[ing], oppress[ing], or abus[ing]" him, regardless of WRA's intent. *See* 15 U.S.C. § 1692d.

However, "whether conduct harasses, oppresses, or abuses will be a question for the jury." *Smith v. ProCollect, Inc.*, 2011 WL 1375667, at *4 (E.D. Tex. Apr. 12, 2011) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)). The Court concludes that a reasonable jury could find that WRA's repeated mistakes did not have the natural consequence of "harass[ing], oppress[ing], or abus[ing]" Plaintiff. *See* § 1692d.

Therefore, Plaintiff's motion for summary judgment on its § 1692d claim is **DENIED** on this ground as well.

    ii.    § 1692e

Plaintiff also seeks summary judgment on his § 1692e(8) claim. Doc. 27, Pl.'s Br., 7.

Section 1692e(8) prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." § 1692e(8). Plaintiff notes that "Trans Union sent WRA notice of Plaintiff's dispute on September 19, 2018," and that WRA acknowledged receipt of Plaintiff's dispute. Doc. 27, Pl.'s Br., 8. In fact, WRA sent a letter to Plaintiff on September 25, 2018, indicating that it knew of the dispute, and that it would mark the debt as disputed in subsequent reports. *Id.*

But, according to Plaintiff, WRA failed to note the dispute on future credit reports. *Id.* at 8–9. WRA does not dispute any of this evidence. *See* Doc. 30, Def.'s Resp., 7–9. Normally, Plaintiff's evidence would establish WRA's liability for a violation of §1692e(8), because that section "specifically prohibits communication of 'credit information known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.'" *Douglas v. Select Portfolio Servicing, Inc.*, 2015 WL 1064623, at *5 n.5 (S.D. Tex. Mar. 11, 2015) (quoting 15 U.S.C. § 1692e(8)).

However, as discussed above, because WRA has raised a factual dispute on whether the bona-fide error defense is applicable, Plaintiff's motion for summary judgment on its § 1692e claim is **DENIED**.

iii. § 1692f

Additionally, § 1692f prohibits a debt collector from "us[ing] any unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. Plaintiff believes WRA violated this section when it stated that it would mark Plaintiff's account as disputed to credit bureaus, yet failed to do so. Doc. 27, Pl.'s Br., 10. Specifically, Plaintiff believes that WRA's actions are deceptive and unfair because they "deceived Plaintiff by assuring him his dispute would be acknowledged." *Id.*

However, as discussed when analyzing the bona-fide error defense, WRA has provided evidence that such statements were made in error. Statements made "in error . . . do[] not meet the 'unfair or unconscionable means requirement of § 1692f." *Thamathitikuhhun v. Bank of America, N.A.*, 2016 WL 7734556, at *10 (E.D. Tex. Aug. 8, 2016). Thus, WRA has shown a genuine dispute of material fact on § 1692f.

Thus, Plaintiff's motion for summary judgment on his § 1692f claim is **DENIED** on this ground.

### IV.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. 26) is **DENIED**. Plaintiff has not established violations of 15 U.S.C. §§ 1692d and f. While Plaintiff has established a violation of § 1692e(8), WRA's asserted bona-fide error defense precludes summary judgment on this claim—and provides an independent basis for denying summary judgment on the §§ 1692d and f claims as well.

SO ORDERED.

SIGNED: June 1, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-18-